N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLOUDVIEW ESTATES, LLC,

        Plaintiff,

vs.	Civ. No. 05-01283 MV/WPL

CITY OF RIO RANCHO, and ARTURO
BONIELLO, MICHAEL WILLIAMS,
ROBERT RADOSEVICH, HOWARD
BALMER, PATRICIA THOMAS, and
MARILYN SALZMAN, in their individual
and official capacities,

        Defendants,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, filed March 15, 2006, **[Doc. No. 8]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be granted.

## BACKGROUND

This case arises from Defendants' denial of Plaintiff's application to vacate a drainage easement on a parcel of property Plaintiff owns.[1]  Plaintiff is the owner of a ten-acre tract of land (the "Property") located within the City of Rio Rancho (the "City"). The Property, which was owned previously by AMREP Southwest, is subject to a recorded drainage easement.

In 2004, Plaintiff initiated the process for obtaining approval from the City for the

---

[1] Most of the background information is undisputed. Where any facts are disputed, however, the Court assumes all well-pleaded facts as true for purposes of a motion to dismiss.

construction and development of a thirty-home subdivision on the Property. In February 2005, the City's Planning and Zoning Board ("PZB") approved Plaintiff's preliminary plat for the subdivision, despite opposition from existing residents who asserted that the Property had been held out to residents as a dedicated open space. The objecting residents appealed the PZB's approval of the preliminary plat. On appeal, the City Council remanded the matter to PZB for further proceedings.

At the suggestion of the Rio Rancho City Attorney, Plaintiff requested that the drainage easement on the Property be vacated. It is undisputed that the Property is not actually needed for drainage purposes. The PZB, despite its prior approval of the preliminary plat, denied Plaintiff's application to vacate the drainage easement, finding that AMREP and the City had intended the Property to be used as an open space and that the drainage easement on the Property was "merely a convenient method to obtain public control and use over open space land."

Plaintiff appealed that denial to the City Council. Prior to the hearing of the appeal by the City Council, one or more of the City Councilors engaged in *ex parte* communications with residents and other individuals who opposed Plaintiff's project. Plaintiff contends that these communications "actually biased the individual defendants against the plaintiff, or at a minimum created an inference and appearance of bias." Plaintiff also alleges that an Assistant City Attorney acted as an advocate for those who opposed the Plaintiff's subdivision.

At the final hearing, the City Council voted unanimously to disapprove Plaintiff's application to vacate the drainage easement, concluding that the Property had become permanent open space. Plaintiff contends that at the final hearing, one or more of the City Council members exhibited "ill will" toward Plaintiff and "challenged" Plaintiff to file suit if it did not accept the

City Council's decision to treat the Property as permanent open space. Plaintiff asserts that the City's assertion of complete control over the Property as permanent open space prevents Plaintiff from effectively exercising any of its rights as owner of the fee interest in the Property.

Plaintiff subsequently filed a Complaint against the City of Rio Rancho as well as the individual City Councilors asserting procedural due process, substantive due process, and equal protection claims and seeking judicial review of Defendants' denial of Plaintiff's application for the drainage easement. Defendants filed the instant motion to dismiss asserting both lack of subject matter jurisdiction and failure to state a claim.

## LEGAL STANDARD

### A.    Rule 12(b)(6)

In reviewing a defendant's Rule 12(b)(6) motion, the court assumes the veracity of the "well-pleaded factual allegations" in the complaint and draws all reasonable inferences in the plaintiff's favor. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987); *see Zinermon v. Burch*, 494 U.S. 113, 118 (1990). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court may dismiss a case for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his theory of recovery that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he/she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to

dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

**B.     Rule 12(b)(1)**

Rule 12(b)(1) provides that a defendant may move the court to dismiss the claim for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1).  When a defendant challenges subject matter jurisdiction, the plaintiff must establish such jurisdiction by a preponderance of the evidence.  *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995).  Unlike a Rule 12(b)(6) motion, a motion under Rule 12(b)(1) "can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion." *Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir. 1987).  Indeed, the court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts under 12(b)(1)." *Id*.

## DISCUSSION

Plaintiff's Complaint alleges that Defendants' actions deprived Plaintiff of substantive due process, procedural due process, and equal protection.  While Plaintiff does not specifically allege a takings claim, Defendant argues that Plaintiff, in effect, is asserting a takings claim and that such a claim is not ripe.  In *Williamson County Reg. Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 193-94, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the Supreme Court articulated a special ripeness doctrine for constitutional property rights claims that precludes federal courts from adjudicating land use disputes until: (1) the regulatory agency has had an opportunity to make a

considered definitive decision, and (2) the property owner exhausts available state remedies for compensation.  "[A] property owner may not avoid *Williamson* by applying the label 'substantive due process' to the claim.  So too with the label 'procedural due process.'  Labels do not matter.  A person contending that state or local regulation of the use of land has gone overboard must repair to state court."  *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 167 (7th Cir. 1994); *see also J.B. Ranch, Inc. v. Grand County*, 958 F.2d 306, 309 (10th Cir. 1992) ("[plaintiff's] grievance, distilled to its essence, is that the County made an unconstitutional taking without just compensation . . . [plaintiff] may not call it otherwise simply to avoid taking action in state court.").

    Plaintiff alleges that Defendants asserted "complete control" over the Property, preventing Plaintiff from exercising any of its rights as owner of the fee interest in the Property.  As relief, Plaintiff seeks, in part, compensation for the value of its property.  Thus, while Plaintiff does not specifically allege a takings claim, the Complaint clearly asserts that Plaintiff's property was taken by Defendants without compensation.  Consequently, the Court concludes that the Complaint, in effect, asserts a takings claim.  It is undisputed that Plaintiff has not exhausted its available state remedies for compensation.  Plaintiff's takings claim, therefore, is not ripe at this time and must be dismissed for lack of subject matter jurisdiction.

    Whether the dismissal of the takings claim means Plaintiff's Fourteenth Amendment claims must also be dismissed as unripe is a more complex question.  Defendants argue that the property interest affected by the Fourteenth Amendment claims is the exact property interest affected by Plaintiff's Fifth Amendment takings claim, namely the right to develop its property.  Because the Fifth Amendment claim is unripe, Defendants assert that the Fourteenth Amendment claims,

which are coextensive with the Fifth Amendment claims, are also unripe.

In response, Plaintiff contends that the Fourteenth Amendment rights allegedly violated are not coextensive with a Fifth Amendment takings claim. Plaintiff argues that Defendants' alleged violation of Plaintiff's Fourteenth Amendment rights occurred independent from any Fifth Amendment taking and involved rights distinct from Fifth Amendment rights.

On several occasions, the Tenth Circuit has addressed under what circumstances a trial court confronted with an unripe takings claim should dismiss accompanying Fourteenth Amendment claims. Initially, in *Landmark Land Company of Oklahoma, Inc. v. Buchanan*, 874 F.2d 717 (10th Cir. 1989),[2] a land developer filed suit after the city failed to issue him certain building permits, asserting a takings claim, procedural and substantive due process claims, and an equal protection claim. The district court held that all of the developer's claims were unripe under *Williamson County* because a final determination had not been made at the local and state level. On appeal, the Tenth Circuit agreed that the takings claim was not ripe and that the *Williamson County* ripeness test applied with equal force to the substantive due process and equal protection claims. The Tenth Circuit held that the developer's procedural due process claim should not have been dismissed as unripe, however, because if the developer had a property interest in the permits, the city could not withhold them without affording him due process. The Tenth Circuit then considered the procedural due process claim on the merits and determined that the process provided satisfied the requirements of the Fourteenth Amendment.

Next, in *Miller v. Campbell County*, 945 F.2d 348 (10th Cir. 1991), property owners from

---

[2] *Landmark* was abrogated on other grounds by *Federal Lands Legal Consortium ex rel. Robart Estate v. U.S.*, 195 F.3d 1190 (10th Cir. 1999).

a condemned subdivision filed suit in federal court after the county declared their property uninhabitable. The property owners alleged Fifth Amendment takings and Fourteenth Amendment substantive and procedural due process violations. *Id*. at 350. The court held that the Fifth Amendment claim was unripe because the property owners had an inverse condemnation proceeding pending with the state. *Id*. at 352. As to the Fourteenth Amendment claims, the court determined that:

> Because the Just Compensation Clause of the Fifth Amendment imposes very specific obligations upon the government when it seeks to take private property, we are reluctant in the context of a factual situation that falls squarely within that clause to impose new and potentially inconsistent obligations upon parties under the substantive or procedural components of the Due Process Clause. It is appropriate in this case to subsume the more generalized Fourteenth Amendment due process protections within the more particularized protections of the Just Compensation Clause.

*Id*. (footnote omitted).

In short, the *Miller* court held that because the Fourteenth Amendment claims involved the exact property interest involved in the Fifth Amendment claim, the Fourteenth Amendment claims, like the Fifth Amendment claim, were unripe. Thus, after *Miller*, the lodestar for determining whether Fourteenth Amendment claims are unripe is whether the Fourteenth Amendment claims involve the exact property interest affected by the Fifth Amendment claim.

This question again confronted the Tenth Circuit in *J.B. Ranch, Inc. v. Grand County*, 958 F.2d 306 (10th Cir. 1992).[3] In *J.B. Ranch*, a ranch owner alleged a Fifth Amendment takings

---

[3] *J.B. Ranch*, like the instant case, involved a takings claim that was not ripe because while a final decision had been made the landowner had not sought compensation. This is significant because it shows that the Tenth Circuit's analysis of the ripeness of constitutional claims accompanying a takings claim is not affected by the fact that a final decision has been made. Some courts apply only *Williamson County's* finality requirement, and not the compensation requirement, to constitutional claims accompanying a takings claim. *See, e.g.,*

claim and a procedural due process claim after a county declared that roads within his ranch were open to public use. *Id*. at 307. The Tenth Circuit found that the takings claim had been properly dismissed on ripeness grounds because the ranch owner had not pursued just compensation remedies available under state law. *Id.* at 308-9. The Tenth Circuit recognized that under certain circumstances, due process rights may arise that are beyond the more particularized claim asserted pursuant to the Just Compensation Clause. The court found, however, that the procedural due process claim asserted in this case did not merit analysis distinct from the takings claim and dismissed it as unripe.

In *Rocky Mountain Materials & Asphalt, Inc. v. Board of County Commissioners of El Paso County*, 972 F.2d 309 (10th Cir. 1992), the Tenth Circuit refined the *Miller* analysis. In *Rocky Mountain Materials*, a mine owner alleged that the revocation of its mining permit constituted a Fifth Amendment taking and a Fourteenth Amendment due process violation. The Tenth Circuit, reviewing the trial court's dismissal of the takings claim as unripe, addressed under what circumstances a trial court confronted with an unripe takings claim should dismiss accompanying Fourteenth Amendment claims. Under the *Rocky Mountain Materials* analysis, if a landowner brings a takings claim together with Fourteenth Amendment claims and the takings claim is unripe, the court will dismiss the Fourteenth Amendment claims if "[t]he property interest supporting the due process claim ... is exactly the same one that ... has resulted in the complete taking of ... property without just compensation." *Id*. at 311. Applying this test, the court found that the property interest supporting the due process claim, the right to conduct

---

*McKenzie v. City of White Hall*, 112 F.3d 313, 317 (8th Cir. 1997) ("Because the City's decisions to deny zoning and building permits absent surrender of the privacy buffer were final, the McKenzies' due process and equal protection claims are ripe.").

mining activities on the land, was identical to the interest taken without just compensation. *Id.* Consequently, the takings and the due process claims were unripe. *Id.*

After *Rocky Mountain Materials*, the Tenth Circuit next addressed this issue in *Bateman v. City of West Bountiful*, 89 F.3d 704 (10th Cir. 1996). In *Bateman*, the city filed a certificate of noncompliance indicating that Bateman's property was not in compliance with certain building code requirements. Bateman, who was prevented from selling his property due to the certificate, filed suit in federal court asserting a Fifth Amendment takings claim as well as claims under the due process and equal protection clauses of the Fourteenth Amendment. The trial court determined that the takings claim was not ripe and that the equal protection and due process claims also were not ripe because they rested upon the same facts as the takings claim. The Tenth Circuit, citing *Rocky Mountain Materials*, *J.B. Ranch*, *Miller and Landmark*, affirmed on the grounds that the landowner's due process and equal protection claims were subsumed within the more particularized protections of the Takings Clause and were not ripe for review.

Most recently, in *Signature Properties International v. City of Edmond*, 310 F.3d 1258 (10th Cir. 2002), the Tenth Circuit specifically rejected a claim that *Williamson County* ripeness requirements should not be applied to a due process claim "based on arbitrary actions which by their nature are not akin to the steps involved in most land use regulation cases." The Tenth Circuit stated that "this argument simply cannot be squared with our holding in *Landmark* that the finality requirement for due process claims is the same as that for takings claims." *Id.* at 1268. The Tenth Circuit wrote:

> Plaintiff builds its argument from the premise that its due process claim is different from a takings claim, highlighting language from the Supreme Court which seems to summarize the difference succinctly. In *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 722, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999),

>the Court distinguished the claim at issue from an ordinary takings claim by saying that the plaintiff developer's claim there was "not that the city had followed its zoning ordinances and policies but rather that it had not done so." We infer that plaintiff's position is that its substantive due process claim is ripe because it is based on arbitrary actions which by their nature are not akin to the steps involved in most land use regulation cases. Thus, where in the typical case the developer and the local authority may find themselves engaged in a process of give and take, as alternative plans are proposed and various regulatory factors are considered, in this case Edmond attempted, without sound basis and at least arguably improperly, to coerce plaintiff to upgrade the sewer. We infer that plaintiff is arguing that this type of municipal action is qualitatively different from the process involved in most land use regulation cases and that our application of the finality requirement should take this into account.
>
>Language in some cases has indicated that finality is quite different in the context of substantive due process claims such as plaintiff's. *See Eide v. Sarasota County*, 908 F.2d 716, 724 n. 13 (11th Cir.1990) ("a property owner's rights have been violated the moment the government acts in an arbitrary manner and ⋯ that arbitrary action is applied to the owner's property"). Nevertheless, we must reject this argument. First, the argument seems to prove too much because it would seem to emasculate the finality requirement entirely. Indeed, the quoted language from *Eide* is difficult to square with the actual holding of that case that the finality requirement for due process claims is, if not identical to that for takings claims, at least very similar to it. Moreover, this argument simply cannot be squared with our holding in *Landmark* that the finality requirement for due process claims is the same as that for takings claims.

*Signature Properties International*, 310 F.3d at 1267-68.

It is clear that under Tenth Circuit law, procedural due process, substantive due process, and equal protection claims that rest upon the same facts as a concomitant takings claim are subject to the same ripeness requirements as the underlying takings claim. The due process and equal protection claims that Plaintiff asserts here are that it has been deprived of the use of its property due to the Defendants' arbitrary failure to vacate the drainage easement. The property interest supporting the due process and equal protection claims is thus the right to develop Plaintiff's property. This alleged deprivation is exactly the same one that has resulted in the taking of property without just compensation in violation of the Fifth Amendment.

10

Under Tenth Circuit law, this Court is compelled to apply *Williamson*'s ripeness requirements to all claims based on the same property rights deprivation.  Because Plaintiff's takings claim subsumes its Fourteenth Amendment claims and the takings claim is unripe, Plaintiffs' Fourteenth Amendment claims similarly are unripe.  Under these circumstances, Plaintiffs must first make use of the available state inverse condemnation remedies before its due process, substantive due process, and equal protection claims may be considered ripe for determination.

Plaintiff's remaining claim is a state law claim seeking review of Defendants' denial of Plaintiff's application to vacate the drainage easement.  Under 28 U.S.C. § 1367, this Court has discretion to dismiss claims supported only by supplemental jurisdiction after the dismissal of all claims over which it had original jurisdiction.  The Tenth Circuit has stated that a district court has discretion to try state claims in the absence of any triable federal claims.  *See Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).  That discretion, however, is to be exercised only "in those cases in which given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction."  *Id*.  Moreover, "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."  *Id*.  The Court finds no compelling reason to exercise supplemental jurisdiction over Plaintiff's state law claim.  To the contrary, the Tenth Circuit has noted that "[f]ederal courts should be reluctant to interfere in zoning disputes which are local concerns."  *Norton v. Corrales*, 103 F.3d 928, 933 (10th Cir. 1987).  Accordingly, Plaintiff's  state law claim will be dismissed without prejudice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, filed March 15, 2006, **[Doc. No. 8],** is hereby **GRANTED**. Plaintiff's claims are hereby dismissed without prejudice.

Dated this 6th day of October, 2006.

MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
       J. Douglas Foster

Attorneys for Defendants:
       Randy S. Bartell